■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WOOD, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered January 16, 1976, convicting defendant, upon his plea of guilty, to the crime of arson in the second degree, and sentencing him to an indeterminate term of imprisonment not to exceed seven years. As the result of a fire in an apartment house in the City of Elmira, New York, on March 7, 1975, defendant was indicted by the adjourned February 1975 Term of the Chemung County Grand Jury for the crime of arson in the second degree (Penal Law, § 150.15). Subsequently, he pleaded guilty to the crime as charged and was sentenced to an indeterminate term of imprisonment not to exceed seven years. On this appeal, defendant contends only that the County Court abused its discretion in denying him youthful offender treatment and that his sentence was harsh and excessive. We disagree. In view of the seriousness and hostile nature of the crime involved, there was no abuse of the court's discretionary power (CPL 720.20) in its denial of youthful offender status to defendant. Similarly, for the class B felony conviction here, a maximum sentence of 25 years was authorized (Penal Law, § 70.00, subd 2, par [b]), and there was no "clear abuse of discretion" in the imposition of the seven-year term (People v Dittmar, 41 AD2d 788). Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HARRIS, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered October 15, 1976, upon a verdict convicting defendant of the crime of criminal trespass in the second degree. The sole claim made on this appeal is that the sentence of one year in the county jail was harsh and excessive. The defendant was convicted of a class A misdemeanor, the sentence for which shall not exceed one year (Penal Law, § 70.15, subd 1). The defendant received the maximum one-year sentence in the Fulton County Jail. Upon the trial record of this case and the probation report which was before the sentencing Judge, we cannot say that the trial court abused its discretion in imposing the maximum sentence upon the defendant. The imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances (People v Dittmar, 41 AD2d 788; People v Caputo, 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.