■ The People of the State of New York, Respondent, v Linda E. Peeso, Appellant. [699 NYS2d 136] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Sise, J.), rendered January 22, 1998, upon a verdict convicting defendant of the crimes of assault in the third degree (two counts) and driving while intoxicated.

Defendant's convictions arise out of a July 1996 automobile collision. Trial testimony established that defendant was operating a motor vehicle on US Route 9 in the Town of Schodack, Rensselaer County, when she swerved into the opposite lanes and directly into the path of an oncoming vehicle. The resulting collision caused injury to defendant, her passenger and occupants of the other vehicle. Witnesses, including the driver and passenger of the other vehicle and responding emergency medical technicians, testified that following the accident defendant was unable to open her car door, had difficulty standing on her own, smelled of an alcoholic beverage, slurred her speech, admitted that she had consumed four beers and appeared to be intoxicated. Trial testimony also indicated that defendant was requested and refused to take both an on-site alcohol screening test and, after she was transported to a hospital, a chemical test to determine her blood alcohol content. Convicted of felony driving while intoxicated and two counts of assault in the third degree, defendant was sentenced to six months' incarceration and five years' probation, a $1,000 fine, a one-year revocation of her operator's license and restitution.

We are unpersuaded by defendant's challenges to various evidentiary rulings made during the course of the trial. First, we conclude that County Court acted well within its discretion in precluding defendant's expert, a physician specializing in neurology, from giving an opinion based upon defendant's hospital records as to whether defendant was intoxicated at the time of the accident. Although the witness was likely qualified to render an opinion as to whether defendant's slurred speech and glassy eyes may have been caused by a head injury sustained in the accident, nothing in his professional background qualified him to give an opinion as to the extent of defendant's intoxication at the time of the accident solely on the basis of a subsequent neurological examination (see, Romano v Stanley, 90 NY2d 444, 452). Nor did County Court err in refusing to allow defendant to impeach her own witness, a bartender in the tavern where defendant had been drinking just prior to the accident. In our view, the witness's prior inconsistent statement concerning whether he observed defendant leaving the establishment did not constitute "testimony upon a material issue of the case which tend[ed] to disprove the position of [defendant]" (CPL 60.35 [1]). Defendant's theory, that she was not intoxicated when she left the tavern, surely was not disproved by the bartender's testimony that nobody saw her leave on the night in question.

Also unavailing is the claim that County Court impermissibly limited defendant's cross-examination of Police Officer Kenneth Peter. Neither the witness's claimed lack of qualification to administer a chemical test nor findings made in an administrative proceeding concerning defendant's refusal to submit to a chemical test were relevant to any issues raised by the witness's direct testimony or for impeachment purposes. Similarly, the emergency medical technicians' failure to check off "Substance Abuse (Potential)" as a "Presenting Problem" on their prehospital care report was irrelevant as to the issue of defendant's intoxication at the time of the accident. Surely, the decision to transport defendant to the hospital was prompted by her bleeding lacerations and head injuries (which were noted as presenting problems) and not because she was intoxicated. Therefore, County Court's refusal to admit the report was, at worst, harmless error.

We also reject the contention that the absence of notice pursuant to CPL 710.30 precluded the People's offer of evidence concerning defendant's test refusal (see, Vehicle and Traffic Law § 1194 [2] [f]). It is settled law that because there is no compulsion on a defendant to refuse to submit to the chemical

test provided for in Vehicle and Traffic Law § 1194 (2), the defendant "ha[s] no constitutional privilege or statutory right to refuse to take the test" (*People v Thomas*, 46 NY2d 100, 109, *appeal dismissed* 444 US 891; *see, People v Berg*, 92 NY2d 701, 705-706). Therefore, defendant's refusal, although constituting communicative or testimonial evidence (*see, People v Thomas, supra*, at 106), could not "[c]onsist[ ] of a record or potential testimony reciting or describing a statement of [ ] defendant involuntarily made, within the meaning of * * * [CPL] 60.45" (CPL 710.20 [3]) or thereby implicate the notice requirement of CPL 710.30 (1) (a). In any event, the record demonstrates that the People provided adequate notice pursuant to CPL 710.30 (1) of their intent to introduce the refusal at trial (*see, People v Lopez*, 84 NY2d 425, 428).

Defendant's remaining contentions, including her attack on the timeliness of the People's filing of the special information charging defendant's prior conviction of driving while intoxicated, County Court's "*Sandoval* compromise" and the sentence imposed, have been considered and found to be devoid of merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).