(April 11, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KING, Appellant. [740 NYS2d 500] —Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 5, 1997, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the second degree, criminal contempt in the first degree and endangering the welfare of a child (two counts).

In August 1995, Eileen Ridgeway-Taylor obtained an order of protection prohibiting defendant, her sometimes live-in boyfriend, from engaging in "illegal conduct" for a three-year period. Although the two continued to see each other, at her request, City of Albany police officers removed him from her apartment in early March 1996. Thereafter, she began a relationship with her future husband. On April 23, 1996, at approximately 1:30 P.M., Ridgeway-Taylor heard her neighbor, Kellie Nadeau, call out that defendant was approaching the building. Defendant entered Ridgeway-Taylor's second-floor apartment at 208 Myrtle Avenue in Albany and approached her with a large carving knife raised above his head uttering, "I'm going to kill you." In the presence of her two young daughters, defendant stabbed her in the head and knee. At some point, Ridgeway-Taylor opened the front door of her apartment. Albany Police Detective Joseph Iwaniec, responding to the scene, observed defendant on top of Ridgeway-Taylor attempting to stab her. According to Iwaniec, defendant lunged at him with the knife and he shot defendant in the arm. Defendant fled the apartment through the rear door and was apprehended a short time later.

Defendant was charged in an 11-count indictment and, following a jury trial, was convicted of attempted murder in the second degree of Ridgeway-Taylor, assault in the second degree, criminal contempt in the first degree and endangering the welfare of a child (two counts). He was sentenced as a second felony offender to a determinate prison term of 25 years on his attempted murder conviction, two determinate prison terms of seven years for his criminal contempt and assault convictions and two definite one-year terms upon his convictions for endangering the welfare of a child. By operation of

law, all of the terms run concurrently (*see*, Penal Law § 70.25 [1] [a]).

Initially, we disagree with defendant's arguments that the verdict convicting him of attempted murder was not supported by legally sufficient evidence and was contrary to the weight of the evidence. Upon a claim of legal insufficiency, we view the evidence " 'in a light most favorable to the People * * * to determine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Acosta*, 80 NY2d 665, 672, quoting *People v Steinberg*, 79 NY2d 673, 681-682; *see, People v Contes*, 60 NY2d 620). Here, the evidence demonstrated that at the outset of the assault defendant stated, "I'm going to kill you." Furthermore, after stabbing her in the head and knee, defendant taunted her by asking "where is your protector now" and saying, "I should just kill you and the kids" while raising the knife up and down and slapping her several times on the leg with the side of the blade. Additionally, Nadeau testified that she heard Ridgeway-Taylor scream for help during the assault and that, as she and her boyfriend tried to lend aid, defendant shouted, "I'll kill you. I'll kill the kids. I'll—Everyone will die in this motherf * * * er." We further note that the wound inflicted to Ridgeway-Taylor's head required deep sutures and defendant was still attempting to stab her when Iwaniec intervened. We find that the evidence presented a valid line of reasoning together with a permissible inference of lethal intent from which any rational trier of fact could find defendant guilty beyond a reasonable doubt of all the essential elements of the crime of attempted murder in the second degree (*see*, Penal Law §§ 110.00, 125.25 [1]; *People v Guzman*, 180 AD2d 469).

Furthermore, the verdict is not contrary to the weight of the evidence (*see*, CPL 470.15 [5]). Although it may be argued that a different verdict would not have been unreasonable based upon the evidence, upon " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), we find that the jury gave the evidence the weight it should be accorded (*see, People v Bleakley*, *supra* at 495; *People v Stokes*, 290 AD2d 71, 73-74).

Next, defendant contends that he was deprived of a fair trial through questioning by the prosecutor which suggested that he had tailored his testimony to conform to the People's proof. During cross-examination, the prosecutor questioned defen-

dant regarding the fact that he was the only witness present in the courtroom during all of the People's proof, that he was able to consult with his attorney prior to his testimony, and that he had reviewed witness statements and transcripts of prior proceedings in which witnesses had testified. We note that the United States Supreme Court in *Portuondo v Agard* (529 US 61) held that such commentary made during *summation* is constitutionally permissible since it may help to evaluate the credibility of the defendant and arrive at the truth. Therefore, if a tailoring insinuation raised in summation does not deprive a defendant of a fair trial then, by analogous reasoning, such an innuendo arising during cross-examination cannot deprive a defendant of a fair trial (*see, People v Lowery*, 281 AD2d 491, *lv denied* 96 NY2d 903). Notably, in the latter context, a defendant has the opportunity to rebut the insinuation through further testimony or the introduction of a prior consistent statement. Accordingly, under the circumstances here, we find that it was constitutionally permissible for the prosecutor to question defendant during cross-examination about his ability to tailor his testimony to conform to the People's proof.

We next address defendant's contention that County Court improperly curtailed his cross-examination of Ridgeway-Taylor regarding pregnancies terminated during their relationship. He maintains that this line of questioning was relevant to his state of mind at the time of the incident because the subject matter was a large part of what made him so upset. We fail to see how this subject matter was relevant to any issue raised by Ridgeway-Taylor's direct testimony or for impeachment purposes (*see, People v Peeso*, 266 AD2d 716, 717, *lv denied* 94 NY2d 883). Moreover, the fact that defendant may have acted out of anger at the time of the stabbing does not, by itself, negate the element of intent (*see, People v Walker*, 64 NY2d 741, 743; *People v Knights*, 109 AD2d 910, 911). There must be proof of an extreme emotional disturbance "for which there was a reasonable explanation or excuse" (Penal Law § 125.25 [1] [a]). Notably, defendant did not rely on that affirmative defense.

Finally, we find no merit to defendant's argument that his sentence was harsh and excessive. We note that defendant has a lengthy criminal history, including a previous assault upon Ridgeway-Taylor. Moreover, the terms of imprisonment imposed were statutorily permissible (*see*, Penal Law § 70.06 [6] [a], [c]; *see also, People v Duncan*, 279 AD2d 887, *lv denied* 96 NY2d 828). Furthermore, as we have noted, "[t]he imposition of the sentence rests within the sound discretion of the

trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances" (*People v Harris*, 57 AD2d 663, 663, *see*, *People v Hansen*, 290 AD2d 47, 57; *People v Simon*, 180 AD2d 866, 866, *lv denied* 80 NY2d 838). Here, we find no abuse of County Court's sentencing discretion or extraordinary circumstances warranting modification in the interest of justice (*see*, CPL 470.15 [6] [b]).

Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.