■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN R. MASON, Appellant. [768 NYS2d 843]—Lahtinen, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 28, 2000, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal contempt in the first degree, and (2) by permission, from an order of said court, entered September 1, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in an indictment with criminal sale of a controlled substance in the third degree after he sold cocaine in the City of Elmira, Chemung County, on April 15, 1999. Following a May 1999 incident in which he violated a protective order, he was charged in a second indictment with two counts of criminal contempt in the first degree. In satisfaction of both indictments, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and one count of criminal contempt in the first degree. Under the terms of the plea agreement, he was sentenced, as a second felony offender, to concurrent prison terms of 4½ to 9 years on the criminal sale conviction and 2 to 4 years on the contempt conviction. Thereafter, he moved pursuant to CPL 440.10 to vacate the judgment of conviction. County Court denied the motion without a hearing, resulting in these appeals.

Defendant's sole contention is that the sentence is harsh and excessive. Initially, we note that " '[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " (*People v King*, 293 AD2d 815, 817-818 [2002], *lv denied* 98 NY2d 698 [2002], quoting *People v Harris*, 57 AD2d 663 [1977]; *see People v Roberts*, 301 AD2d 756, 757 [2003]). Based upon our review of the record, we find no abuse of discretion or extraordinary circumstances. Given defendant's status as a second felony offender, he was potentially subject to a maximum 12½ to 25-year prison term on the criminal sale conviction (*see* Penal Law § 70.06 [3] [b]; [4] [b]) and a maximum two- to four-year prison term on the criminal contempt conviction (*see* Penal Law § 70.06

[3] [e]; [4] [b]). Because each conviction arose out of separate incidents, County Court could also have imposed consecutive prison terms (*see People v Smith*, 309 AD2d 1081, 1083 [2003]; *People v Shook*, 294 AD2d 710, 713-714 [2002], *lv denied* 98 NY2d 702 [2002]), resulting in a prison term of 14½ to 29 years. In addition, the presentence investigation report reveals that defendant has a lengthy criminal history, including many drug-related crimes. In view of this, as well as the fact that he agreed to the sentence as part of the plea bargain, we find no reason to disturb it.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.