■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY WHITTED, Appellant. [784 NYS2d 690]—

Spain, J. Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 11, 2000, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the second degree, and (2) by permission, from an order of said court, entered March 10, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of an 11-count indictment charging him with committing various drug-related felonies in September and October 1999, defendant entered a negotiated plea of guilty to criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the second degree, as reduced on the People's motion. Consistent with the plea agreement, County Court sentenced defendant as a second felony offender to the agreed-upon concurrent sentences of $8^1/_3$ years to life on each count. Defendant later moved to vacate the judgment of conviction pursuant to CPL 440.10 claiming that the evidence against him had been illegally obtained, he was under duress at the time of the plea and he did not receive the

effective assistance of counsel. In a written decision, County Court denied the motion without a hearing. Defendant now appeals from both the judgment of conviction and, by permission, the order denying his motion.

We affirm. Initially, although County Court granted defendant's omnibus request for *Huntley* and *Mapp* hearings prior to trial, defendant pleaded guilty while those suppression motions were pending and before a hearing was held or a decision rendered. He has, as a result, forfeited all claims related to those pending motions, including the claim that his statement to police was illegally obtained (*see People v Williams*, 6 AD3d 746, 747 [2004]; *see also People v Fernandez*, 67 NY2d 686, 688 [1986]). Likewise, defendant's guilty plea waived his contention that the evidence before the grand jury was insufficient, claims rejected by a decision of County Court on defendant's motion (*see People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Whitehurst*, 291 AD2d 83, 88-89 [2002], *lv denied* 98 NY2d 642 [2002]).

Next, we reject defendant's contentions that he was denied the effective assistance of counsel or that his guilty plea was the result of ineffective assistance in that counsel failed to pursue suppression motions (*see People v Williams [June]*, 299 AD2d 580, 580 [2002], *lvs denied* 99 NY2d 616, 621 [2003]). Given the uncertainty of success on the pretrial motions and the very favorable plea agreement—which disposed of numerous A-level felonies, entailed less than maximum sentences for the A-II felonies, and avoided possible consecutive sentences—defendant failed to demonstrate either the absence of a legitimate or strategic reason in advising him to forego a decision on the pending suppression motions and accept the then-available plea deal, or that counsel's representation was less than meaningful (*see People v Whitehurst, supra* at 89; *see also People v Garcia*, 75 NY2d 973, 974 [1990]; *People v Chevalier*, 226 AD2d 925, 929 [1996], *lv denied* 88 NY2d 934 [1996]). Moreover, during the plea colloquy, County Court specifically elicited from defendant that he had discussed the plea with counsel and was satisfied with his services (*see People v Whitehurst, supra* at 89; *People v Chevalier, supra* at 929). A review of the colloquy also reflects that the court advised defendant of the terms of the plea agreement and apprised him of the consequences of pleading guilty and the rights he was foregoing—eliciting that he understood and allowing him to confer with counsel—and demonstrates that he agreed to the plea terms in full; thereafter, defendant admitted the conduct and entered a guilty plea which was, in all respects, knowing, intelligent and voluntary (*see People v Williams*, 6 AD3d at 747).

We further find unpersuasive defendant's contention that the agreed-upon concurrent prison sentences of 8$^1$/$_3$ years to life are harsh and excessive and should be reduced to the minimum sentence of six years. As a second felony offender, defendant could have received consecutive sentences of 12$^1$/$_2$ years to life on each of these distinct A-II felonies (*see* Penal Law § 70.06 [3] [a]; [4] [a]; § 70.25 [2]). There being no extraordinary circumstances in the record, we find no basis upon which to conclude that County Court abused its discretion in imposing the agreed-upon sentence (*see* CPL 470.15 [6] [b]; *see also People v Mason*, 2 AD3d 1207, 1207-1208 [2003]).

In view of the foregoing, and upon review of defendant's submissions, we find that County Court properly denied defendant's CPL article 440 motion without a hearing (*see* CPL 440.10 [2], [3]; 440.30 [2]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.