■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAHUE A. MILLER, Appellant. [794 NYS2d 143]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 3, 2003, convicting defendant upon his plea of guilty of the crime of driving while intoxicated (two counts), and (2) by permission, from an order of said court, entered June 22, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was arrested in February 2003 and again in June 2003 for driving while intoxicated in Ulster County. He had two prior convictions for that crime in the previous 10 years and, accordingly, the two indictments from the 2003 incidents charged him with three counts (two from February and one from June) of driving while intoxicated as a class D felony (*see* Vehicle and Traffic Law § 1193 [1] [c] [ii]). Each indictment also included a count of aggravated unlicensed operation of a motor vehicle in the first degree. Defendant pleaded guilty to two of the driving while intoxicated counts (one from each indictment) in exchange for an agreed sentence of concurrent prison terms of 2⅓ to 7 years and a $2,000 fine on each of the counts. Defendant was sentenced in accordance with the plea. His pro se CPL 440.10 motion to vacate the judgment was denied by County Court without a hearing. He appeals from the judgment of conviction and, with this Court's permission, from the denial of the motion to vacate.

Defendant argues that the indictments were prejudicial

because they stated that the crime of driving while intoxicated was being charged as a felony. He further argues that it was error for the prosecution to present both cases against him to the same grand jury. These arguments were not preserved by being properly asserted before County Court and were waived by defendant's guilty plea (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]; *People v Cohen*, 52 NY2d 584, 587 [1981]). In any event, we find no merit to the arguments (*see People v Woodrow*, 212 AD2d 834, 835 [1995], *lv denied* 85 NY2d 982 [1995]; *People v Koponen*, 129 AD2d 838, 839 [1987], *lv denied* 69 NY2d 1005 [1987]).

The contention that the plea was not voluntary is without merit. Review of the plea colloquy reveals that defendant was competent to enter a plea, he was informed of his rights and the consequences of taking a plea, and he freely acknowledged the facts constituting the two crimes to which he pleaded guilty. Defendant's plea was made knowingly, intelligently and voluntarily (*see People v Kron*, 8 AD3d 908, 908 [2004], *lvs denied* 3 NY3d 708, 758 [2004]; *People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]). Moreover, defendant's assertion that the plea was a product of ineffective representation is also meritless. Defendant received a favorable deal—including concurrent sentences—and stated at the time the plea was taken that he was satisfied with his attorney's representation. Our review of the record confirms that he received meaningful representation (*see People v Whitted*, 12 AD3d 840, 841 [2004]).

Defendant's argument that the fine imposed by County Court exceeded those agreed to in the plea deal is belied by the record. Defendant's attorney stated on the record immediately prior to defendant's plea being taken that there had been a preplea conference at which County Court indicated that it would impose the agreed sentence and that "[t]here would be a two thousand dollar fine on *each* of the pleas" (emphasis added). Defendant was sentenced in accordance with the representations set forth on the record.

The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment and order are affirmed.