■ The People of the State of New York, Respondent, v James Scott, Appellant. [819 NYS2d 324]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered November 23, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

After a confidential informant purchased drugs from defendant, he was charged in an indictment with criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the third degree (two counts). Defendant's motion to suppress the confidential informant's identification of him was denied and, thereafter, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree. During the plea proceeding, defendant agreed to waive his right to appeal and executed a comprehensive written waiver of that right. County Court sentenced defendant, in accordance with the plea agreement, to 4²/₃ to 9¹/₃ years in prison. Defendant appeals and we now affirm.

Defendant asserts that both his guilty plea and waiver of his right to appeal were not made knowingly, intelligently and voluntarily. This issue is not preserved for our review inasmuch as defendant failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Schwickrath*, 23 AD3d 707, 708 [2005]; *see also People v Johnson*, 82 NY2d 683, 685 [1993]). Moreover, this is not one of those rare instances in which "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon [his] guilt or otherwise calls into question the voluntariness of the plea" such that the narrow exception to the preservation requirement is applicable (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Ocasio*, 265 AD2d 675, 676-678 [1999]). In any event, defendant's statement that he was "tired right now" in response to County Court's inquiry as to whether he was sick and tired of going back to prison "did not engender 'significant doubt' on the voluntariness of his plea" (*People v Toxey*, 86 NY2d 725, 726 [1995]) and, indeed, the record otherwise reveals that he entered a knowing, voluntary and intelligent guilty plea and waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Tate*, 28 AD3d 801, 802 [2006]; *People v Sanzo*, 28 AD3d 802 [2006]). Accordingly, defendant's waiver of his right to appeal precludes his challenges to County Court's suppression ruling, the severity of his sentence and, inasmuch as his argument does not bear upon the voluntariness of his guilty plea, his claim that he was denied the effective assistance of counsel at the suppression hearing (*see People v Lopez*, 6 NY3d 248, 255-256 [2006], *supra*; *People v Crannell*, 23 AD3d 769, 769-770 [2005], *lv denied* 6 NY3d 774 [2006]; *People v Schwickrath, supra*, at 708).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.