■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRAHAM, Appellant. [826 NYS2d 805]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 14, 2005, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Indicted for robbery in the first degree and petit larceny, defendant, pursuant to a plea bargain agreement, pleaded guilty to attempted robbery in the first degree and waived his right to appeal in return for a seven-year prison sentence with five years of postrelease supervision and restitution. Defendant now appeals, contending that his plea of guilty was not voluntarily entered, he did not receive the effective assistance of counsel and the sentence was harsh and excessive.

We affirm. First, defendant's present challenges to the voluntariness of his plea and to his claim of ineffective assistance of counsel have not been preserved as defendant made no motion to withdraw his guilty plea or vacate the judgment of conviction (see *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Scott*, 31 AD3d 816, 817 [2006]; *People v Wood*, 277 AD2d 515, 516 [2000]). In any event, we conclude that there is no merit to defendant's claims. In support of his claim that his plea was involuntary, defendant contends that his attorney failed to fully investigate defenses, failed to thoroughly discuss the case with him and pressured him to accept a plea bargain. The record,

however, reveals no factual support for these assertions. At the time of the plea, defendant acknowledged that he understood the proceedings. He was informed of his rights and the consequences of his plea and acknowledged the facts constituting the crime to which he pleaded guilty. Further, defendant acknowledged that he thoroughly discussed the plea bargain with his attorney, was satisfied with his attorney's services and was not pressured into entering his plea. Under these circumstances, we conclude that defendant's plea was knowing, intelligent and voluntary (*see People v Schwickrath*, 23 AD3d 707, 708 [2005]; *People v Miller*, 17 AD3d 931, 932 [2005], *lvs denied* 5 NY3d 854 [2005], 6 NY3d 756 [2005]; *People v Bonet*, 15 AD3d 730, 731 [2005], *lv denied* 4 NY3d 851 [2005]).

Second, defendant predicates his claim of ineffective assistance of counsel upon the same grounds used to attack the voluntariness of his plea. The complete absence of any record support for defendant's claim, the lack of doubt regarding his guilt and the fact that he received a favorable plea bargain require the conclusion that defendant was indeed afforded the effective assistance of counsel (*see People v Miller, supra* at 932; *People v Whitted*, 12 AD3d 840, 841 [2004], *lv denied* 4 NY3d 769 [2005]).

Next, defendant's waiver of his right to appeal precludes any challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Scott, supra* at 817). In any event, the argument is meritless as he received the minimum sentence possible as a second violent felony offender (*see* Penal Law § 70.04 [3] [b]; *People v Miller*, 29 AD3d 1033, 1033 [2006]). Defendant's present claim that he should have been placed in the Willard Drug program rather than prison clearly lacks merit since, as a violent felon, he does not qualify for this program (*see* CPL 410.91 [2]; 7 NYCRR 105.1).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.