■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY L. VALLANCE, Appellant. [852 NYS2d 486]—

Lahtinen, J.

Defendant pleaded guilty to a reduced charge of attempted sexual abuse in the first degree in satisfaction of a three-count indictment charging one count of sexual abuse in the first degree and two counts of sexual abuse in the second degree. Under the terms of the deal, he waived his right to appeal and received a prison sentence of 2 to 4 years. Defendant appeals.

We affirm. Defendant's challenge to the voluntariness of his guilty plea, which survives the waiver of his right to appeal (*see People v Lee*, 34 AD3d 982, 982 [2006]), was not preserved for our review since he failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Scott*, 31 AD3d 816, 817 [2006]). In any event, review of the plea allocution establishes that it was entered into knowingly, intelligently and voluntarily (*see People v Mahar*, 12 AD3d 715, 716 [2004]). Defendant's outburst following the statements of two of the young victims at sentencing, during which he asserted they were lying, does not provide a basis to vacate the plea in the absence of a motion for such relief or a clear protestation of innocence (*see People v Wagoner*, 30 AD3d 629, 630 [2006]).

---

We find no merit in defendant's argument regarding his waiver of his right to appeal. That right was explained during the allocution as a separate and distinct right which was being waived as part of the plea bargain (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Moreover, defendant signed a detailed written waiver of that right (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *see People v Wright*, 34 AD3d 940, 940 [2006], *lv denied* 8 NY3d 886 [2007]).

Defendant's waiver of the right to appeal precludes his challenge to County Court's suppression ruling, as well as his contention regarding whether he received the effective assistance of counsel (*see People v Scott*, 31 AD3d at 817), except as to whether his counsel's conduct impacted the voluntariness of his plea (*see People v Crudup*, 45 AD3d 1111, 1111 [2007]). And, as to such issue, the record reflects that he received meaningful representation.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.