■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE L. DICKSON, Appellant.— Judgment, County Court, Albany County, rendered on February 24, 1972, affirmed. (See *People* v. *Croley,* 42 A D 2d 633.) Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FOSTER, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 27, 1972, which resentenced defendant, following a conviction after a jury trial of attempted robbery in the first degree, to an indeterminate term of not less than five years nor more than 15 years. We find that the challenged errors in the identification process both before and during the trial were before us on the appeal from the original judgment of conviction. (*People* v. *Foster,* 38 A D 2d 989.) An appeal from alleged errors committed at the trial is not available on an appeal from a resentence, especially where defendant appealed from the original judgment of conviction. (*People* v. *Chirco,* 19 A D 2d 729.) Consequently, the only issue on this appeal is whether the resentence imposed upon defendant was, under all the circumstances, either harsh or excessive. We cannot say that the court abused its discretion in the sentence imposed. The unavailability of rehabilitation programs for the legally blind does not render the sentence either harsh or excessive. Judgment affirmed. Staley, Jr., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.