■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN REGAN, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Vetrano, J.), imposed December 18, 1979, upon his conviction of manslaughter in the first degree, a class B violent felony, upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a maximum of 20 years and a minimum of 6 and ⅔ years. Sentence affirmed. The indeterminate sentence imposed upon defendant, after he was given and declined the opportunity to withdraw his plea, was in accordance with the Penal Law (see Penal Law, § 70.00, subd 3, par [b]; § 70.02, subd 4), and was not excessive. The sentencing court, pursuant to statute, was required to impose a minimum sentence which was one third of the maximum sentence (see L 1978, ch 481, amdg Penal Law, § 70.00, subd 3, par [b], and adding § 70.02). We note that the court did not specifically comply with CPL 380.50 in that the defendant was not advised of his right to allocution prior to the imposition of sentence. This failure to comply with the statutory requirement, however, was not brought to the court's attention, nor did defense counsel request an opportunity for either himself or defendant to make any additional statement, although the record establishes that both counsel and defendant participated in the numerous conferences which culminated in the increasing of the sentence over that promised at the time defendant entered his plea. The failure to comply with the statutory requirement, therefore, was not preserved for appellate review (see *People v Green,* 54 NY2d 878; see, also, *People v Warren,* 47 NY2d 740). In any event, defendant has not furnished any indication on this appeal that he in fact had anything to

say, or that he would have addressed the court, if given the opportunity (see *People v McClain,* 35 NY2d 483). Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.