■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUSTER TURNER, Appellant.—Main, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 20, 1984, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1982, defendant was sentenced to lifetime probation following his conviction in Supreme Court, New York County, of criminal sale of a controlled substance in the second degree. Upon defendant's relocation to Ulster County, supervision of his probation was transferred there. After defendant was arrested in New York City on a charge of raping his 14-year-old daughter, a declaration of delinquency was filed. This declaration charged defendant with leaving the jurisdiction of the Ulster County Court without permission and committing a criminal offense, although the latter charge was withdrawn during the hearing. Defendant was found guilty of violating the conditions of his lifetime probation for leaving the jurisdiction of the court without permission. County Court then revoked his lifetime probation and sentenced him to five years to life in prison. This appeal followed.

We first reject defendant's claim that the People failed to establish his alleged violation of probation by a preponderance of the evidence. The record reveals that defendant was given a written copy of the conditions of his probation at the time he

was sentenced in Supreme Court, New York County. The record further reveals that upon the transfer of the supervision of his probation to Ulster County, defendant was informed by his Ulster County probation officer that he was to remain within the jurisdiction of the County Court of Ulster County. The record further indicates that defendant admitted to his Ulster County probation officer that he left Ulster County without permission in contravention of the terms of his probation. Furthermore, a State trooper testified that he took custody of defendant from State troopers who had accompanied defendant from New York City. This evidence was certainly sufficient to satisfy the People's burden of proof.

We further reject defendant's claim that his due process rights were violated. Defendant was provided formal notice of the charges along with an opportunity to be heard and to confront the witnesses against him through cross-examination; he was, therefore, afforded due process (*see, e.g., People v Tyrrell,* 101 AD2d 946). Defendant's contention that he was sentenced without the benefit of a new or updated presentence report is belied by County Court having specifically requested an updated presentence report, which is dated April 17, 1984, three days before defendant was sentenced. Finally, no objection was made to County Court's failure to ask defendant if he wished to make a statement prior to sentencing and, thus, this error has not been preserved for appellate review (*see, People v Green,* 54 NY2d 878, 880; *People v Regan,* 88 AD2d 664).

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.