■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT QUINLAN, Appellant.—Judgment, Supreme Court, New York County (Burton Roberts, J., at competency hearing, *Huntley* hearing, guilty plea and sentence), rendered October 27, 1983, convicting defendant of attempted murder in the second degree and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of from 10 years to life, unanimously modified, on the law, to the

extent of setting aside defendant's sentence and remanding the matter for resentencing of defendant as a first offender, and otherwise affirmed.

First, we note that the suppression court did not err in concluding that defendant had knowingly and intelligently waived his *Miranda* rights *(People v Williams,* 62 NY2d 285, 288). The examining psychiatrists' findings, rendered more than three weeks after defendant's arrest, that he was unfit to proceed to trial, were considered by Criminal Term in assessing defendant's mental capacity, but found to be unpersuasive on the issue of whether defendant knowingly and voluntarily waived his rights at the time of his arrest.

Here, the court focused upon defendant's state at the time of the waiver in resolving this factual issue, and its conclusion that he was competent to waive his constitutional rights was correct under the circumstances *(see, People v Krom,* 91 AD2d 39, 43, *affd* 61 NY2d 187).

We find, and the People concede in part, that none of defendant's three prior felony convictions in California constitutes, at the minimum, a predicate felony in New York, upon examination of the elements of the foreign crime statute compared to an analogous felony under our Penal Law *(People v Gonzalez,* 61 NY2d 586, 589). A robbery under the California statute (Cal Penal Code § 211) provides that a conviction may be proven by the taking of property "from his person or immediate presence". This language is more broad than, and distinct from, our robbery and larceny statutes (Penal Law §§ 155.05, 160.00; *see also, People v Clifton,* 28 AD2d 708, 709). The People concede, and correctly so, that defendant's conviction for kidnapping in California is not a predicate felony. The California kidnapping statute (Cal Penal Code § 207) is substantially dissimilar from this State's kidnapping statute (Penal Law § 135.00 [2]; § 135.25). Accordingly, we vacate defendant's sentence and remand for resentencing. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.