■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRECKNER, Appellant

An examination of the Penal Law does not reveal a New York analog to defendant's prior Oklahoma felony conviction for "Robbery or attempted robbery with dangerous weapon or imitation firearm". (Okla Stat, tit 21, § 801; *People v Gonzalez,* 61 NY2d 586, 589.) Robbery under the Oklahoma Statute (Okla Stat, tit 21, § 791), which provides that a conviction may

be proven by the taking of property "from his person or immediate presence," is broader than and more distinct from our robbery and larceny statutes. *(People v Quinlan,* 161 AD2d 280.) In addition, larcenous intent is not required under the Oklahoma Statute, as it is for a robbery conviction in New York. *(Diaz v State,* 728 P2d 503, 508 [Okla].)

Defendant, however, may properly be adjudicated a predicate felon upon resentencing since he was previously convicted of robbery in the first degree in New York. Concur— Murphy, P. J., Carro, Wallach and Asch, JJ.