■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CAHILL, Appellant.—Appeal by the defendant from a resentence of the County Court, Suffolk County (Vaughn, J.), imposed January 3, 1991, the resentence being an indeterminate term of 12½ to 25 years imprisonment, upon his conviction of attempted murder in the second degree, upon a jury verdict.

Ordered that the resentence is affirmed.

At the resentencing proceeding, the prosecution, for the first time, filed a statement pursuant to CPL 400.21 alleging that the defendant had pleaded guilty to the charge of armed robbery in the first degree in the State of Florida. The defendant did not deny the allegation, but argued that since he had been granted youthful offender status in accordance with Florida law, the robbery charge could not constitute a prior felony conviction for the purposes of Penal Law § 70.06.

The court properly resentenced the defendant as a second felony offender, since youthful offender status in Florida deals with the conditions of the sentence to be imposed and does not vitiate the underlying conviction for a felony (see, Fla Stat Annot, tit 47, § 958.04; People v Kuey, 186 AD2d 684; People v Arroyo, 179 AD2d 393; People v Elliott, 99 Misc 2d 794). In addition, the defendant's age at the time of the Florida offense would have rendered him ineligible for youthful offender status under the laws of this State (see, CPL 720.10 [1]; People v Duffy, 83 AD2d 563; cf., People v Carpenteur, 21 NY2d 571).

Since the court was required to resentence the defendant as a second felony offender (see, People v Scarbrough, 66 NY2d 673, revg 105 AD2d 1107, 1108, on dissenting opn of Boomer, J.), it is of no consequence that the prosecution did not file the prior felony conviction statement until the commencement of the resentencing proceeding (see, People v Bouchard 149 AD2d 980). In addition, the resentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's contention that he was denied the effective

assistance of counsel at the trial is not properly before the Court. Alleged errors committed at the trial may not be raised on an appeal from a resentence, regardless of whether or not they were raised on the appeal from the original judgment *(see, People v Manino,* 90 AD2d 777; *People v Wright,* 48 AD2d 909, *revd on other grounds* 41 NY2d 172). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.