■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SEPULVEDA, Appellant. [603 NYS2d 152] —Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered October 16, 1991, which convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and resentenced him to a term of 5 years to life, unanimously affirmed.

Defendant was originally sentenced as a predicate felon to a term of 6 years to life. Thereafter, defendant appealed his conviction on the grounds, *inter alia,* that he had been illegally sentenced as a predicate felon. This Court modified the judgment only to the extent of vacating the sentence and remanding the matter for resentence (172 AD2d 223). Defendant was then resentenced to a term of 5 years to life.

Defendant's claim that the court erred in denying his motion to withdraw his plea is not subject to review on appeal from a resentence, "especially where defendant appealed from the original judgment of conviction" *(People v Foster,* 42 AD2d 801).

Were we to review defendant's claim, we would find that it is without merit inasmuch as the court indicated that defendant's motion was based only on bare allegations of innocence, coercion, and ineffective assistance of counsel *(People v Braun,* 167 AD2d 164). In this regard, the minutes of the plea indicate that it was entered knowingly and voluntarily *(People v Harris,* 61 NY2d 9, 19). Under the circumstances, the court's review of defendant's written motion afforded defendant a reasonable opportunity to present his views *(People v Frederick,* 45 NY2d 520, 524-525).

Defendant also claims that he is entitled to withdraw his plea because the resentencing court sentenced him to a term of imprisonment that was different, and in fact less, than the sentence promised him at the plea proceedings. Defendant's claim is unpreserved since he failed to withdraw his plea at resentencing and did not move to vacate his conviction thereafter *(People v Lopez,* 71 NY2d 662, 665). In any event, defendant agreed to a new bargain before the court resentenced him. Further, no promise was breached since defendant received a lower sentence than he had originally been promised *(People v Henderson,* 145 AD2d 676, *lv denied* 73 NY2d 978).

We have considered defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ.