■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRECKNER, Appellant. [626 NYS2d 773] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered July 14, 1992, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree, and resentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

Defendant's original sentence of concurrent terms of 10 years to life having been vacated by this Court because his adjudication as a persistent violent felony offender was erroneous (179 AD2d 410), defendant was resentenced on remand, as a second violent felony offender, to a term of 10 to 20 years. Defendant claims that because the plea agreement was initially negotiated and accepted under the mistaken understanding that he was a persistent violent felony offender facing a longer minimum than he actually did as a second violent felony offender, the basis of his plea was nullified and that he therefore had a right to withdraw it and strike a new bargain, but that he did not make such a motion because the resentencing court "effectively precluded" him from doing so by its "unwavering insistence" that the remand was for resentencing only and not for repleading. To the extent defendant is arguing that he is exempt from the usual preservation rules because the court expressed an opinion with respect to the merits of his possible claim, the argument is without merit, and the claim is not preserved for appellate review as a matter of law, defendant never having moved to withdraw the plea or to vacate his conviction (People v Lopez, 71 NY2d 662, 665), and we decline to review in the interest of justice. In any event, if we were to review it, we would find that "no promise was breached since defendant received a lower sentence than he had originally been promised" and that he therefore does not have the right to withdraw his plea (People v Sepulveda, 198 AD2d 66, lv denied 82 NY2d 930). Concur—Murphy, P. J., Sullivan, Rubin, Asch and Williams, JJ.