■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ESQUIVEL, Appellant. [690 NYS2d 297] —Crew III, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered June 8, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Pursuant to a plea-bargaining agreement, defendant waived indictment, consented to the filing of a superior court information charging him with criminal possession of a controlled substance in the fifth degree, pleaded guilty thereto and waived his right to appeal. In exchange, County Court agreed to sentence defendant as a second felony offender to an indeterminate term of imprisonment of 3½ to 7 years. At the time of sentencing, the People requested that defendant be ordered to pay restitution in the amount of $100 to the City of Amsterdam Police Department pursuant to Penal Law § 60.27 (9).

While it is true, as defendant contends, that because the negotiated plea did not include mention of restitution, defendant was entitled to withdraw his plea or accept the greater sentence of restitution (*see, People v Cowan*, 168 AD2d 509), the record reflects that defendant elected to pursue the latter option. At the time the People requested restitution, defense counsel, in response to County Court's inquiry, acknowledged that restitution had not been addressed previously and asked for a moment to confer with his client. Thereafter, defense counsel advised the court that he had discussed the matter with defendant, who agreed to pay the restitution as requested and personally acknowledged to the court that such was the case. Under the circumstances, defendant cannot now be heard to complain. We have examined defendant's remaining contentions and find them lacking in merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.