■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUANITA VILLAFANE, Appellant. [740 NYS2d 872] —Judgments, Supreme Court, New York County (Micki Scherer, J.), rendered March 3, 1999, convicting defendant, upon her pleas of guilty, of robbery in the first degree (six counts), assault in the first degree (two counts) and attempted assault in the first degree, and sentencing her, as a second felony offender, to eight terms of 25 years and a term of 15 years, all to run concurrently, unanimously affirmed.

By failing to request any remedy, defendant did not preserve her current claim that the presentence report was not adequate to inform the court fully regarding defendant's personal background, including her claim that she was a victim of battered women's syndrome, and we decline to review it in the interest of justice (*People v Scott*, 251 AD2d 248; *People v Smallwood*, 212 AD2d 449, *lv denied* 86 NY2d 741). Defendant's assertion that the report was the functional equivalent of no report at all is unfounded. Were we to review defendant's claim, we would find no basis for a remand for resentencing. Any deficiencies in the personal history section of the report were the result of defendant's refusal to be interviewed (*see, People v Greene*, 209 AD2d 541, *lv denied* 85 NY2d 909). In any event, prior to imposing the negotiated sentence, the court was in possession of, inter alia, an evaluation of defendant by a defense psychologist and was fully apprised of all the informa-

tion defendant now claims should have been included in the presentence report (see, People v Scott, supra).

Defendant's valid waiver of her right to appeal forecloses review of her excessive sentence claim (People v Seaberg, 74 NY2d 1, 9-10). In any event, we perceive no basis for a reduction of sentence. Concur—Andrias, J.P., Sullivan, Wallach, Rubin and Gonzalez, JJ.