■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LEE TOMS, Appellant. [767 NYS2d 692]—

Crew III, J.P. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 16, 2002, which resentenced defendant following his conviction of the crimes of robbery in the first degree (four counts) and arson in the third degree.

Pursuant to a negotiated plea, defendant pleaded guilty to four counts of robbery in the first degree and one count of arson in the third degree in exchange for concurrent sentences of 12½ to 25 years on the robbery counts and 5 to 15 years on the arson count, with such sentences also running concurrently with a sentence of imprisonment imposed upon defendant in Texas. While the plea agreement made no reference to restitution, County Court ordered defendant to pay restitution in the amount of $3,296.

On appeal to this Court, defendant's judgment of conviction was modified, his sentences were vacated and the matter was

remitted to County Court "for further proceedings not inconsistent with this Court's decision" (293 AD2d 768, 769 [2002]) on the ground that it was error to enhance the agreed-upon sentence by imposing restitution without advising defendant of his right to either withdraw his plea or accept the enhanced sentence.

Following this Court's remittal to County Court, defendant was sentenced to the originally agreed-upon terms of imprisonment without the order of restitution. On this appeal, defendant asserts that County Court's resentencing order was inconsistent with the terms of this Court's previous memorandum decision in that defendant was not offered the right to withdraw his previous pleas or accept the enhanced sentence of restitution. We disagree.

In our prior decision, we noted that where a plea agreement does not include mention of restitution, a defendant must be given the opportunity to either withdraw his or her plea or accept the greater sentence of restitution, and we remitted the matter to County Court for further proceedings not inconsistent with that decision. In other words, upon remittal, County Court was free to sentence defendant in accordance with the negotiated agreement or, if it insisted upon imposition of restitution, offer defendant the opportunity to withdraw his pleas. County Court's adherence to the original plea agreement is not inconsistent with our memorandum decision and we, accordingly, affirm.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.