■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID P. HARRINGTON, Appellant. [770 NYS2d 792]—

Spain, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered June 13, 2001, convicting defendant upon his plea of guilty of the crimes of sodomy in the second degree and criminal sale of marihuana in the second degree (two counts).

In full satisfaction of a 13-count indictment charging defendant with four counts of second degree sodomy and other crimes based upon a five-year pattern of sexual misconduct involving the son of his former girlfriend, defendant pleaded guilty to sodomy in the second degree and two counts of criminal sale of marihuana in the second degree. As part of the recitation of the agreed-upon plea terms, the People informed defendant of their intent to recommend a prison sentence of "7 to 21 years incarceration," but that defendant could argue for a lesser period of incarceration. The plea agreement, however, contained no specific promise from County Court regarding the sentence.

When asked, defendant responded that he understood the terms of the agreement. At sentencing, the People submitted a memorandum containing their stated sentencing request, the defense submitted a memorandum and argued for leniency and the court imposed consecutive prison terms of 2⅓ to 7 years on the sodomy count and 2 to 6 years on the sale counts, for an aggregate sentence of 6⅓ to 19 years' incarceration. Defendant appeals challenging the plea, the sentence, the presentence report and the effectiveness of counsel.

Initially, having failed to move to withdraw his guilty plea or to demonstrate that he moved to vacate the judgment of conviction on this ground, defendant's challenge to the voluntariness of his plea is unpreserved (see People v Hults, 308 AD2d 608 [2003]). In any event, we reject defendant's claim that his plea was not knowing on the ground that County Court did not explain the maximum potential period of incarceration which could be imposed upon his plea or that consecutive sentences were possible. In articulating the terms of the plea agreement, the People clearly informed defendant of their intent to request 7 to 21 years' incarceration if defendant were to plead to these three counts, all D felonies, which represents the maximum aggregate sentence if the sentences were imposed consecutively (see Penal Law § 70.00 [2] [d]; [3] [b]; § 70.25 [2]). During the plea colloquy, the court apprised defendant of the remaining consequences of the plea and the rights he was foregoing thereby, fully supporting the conclusion that his guilty plea was knowing, intelligent and voluntary (see People v Hults, supra). The court ultimately sentenced defendant to a slightly lesser aggregate period of 6⅓ to 19 years. Thus, while the court should have apprised defendant of the maximum potential sentence, we find that defendant was, in fact, adequately apprised of the maximum potential period of incarceration which could be imposed and, thus, fully understood these "possible penal sanctions" to which he could be subjected if he pleaded guilty (People v Bryant, 180 AD2d 874, 876 [1992]; see People v Harris, 61 NY2d 9 [1983]; Matter of Chaipis v State Liq. Auth., 44 NY2d 57, 63-64 [1978]; People v Nixon, 21 NY2d 338 [1967], cert denied 393 US 1067 [1969]).

However, we agree with the claim raised in defendant's pro se brief that because County Court never informed him at the plea proceeding that the payment of restitution could be a part of the sentence (cf. People v Ormsby, 242 AD2d 840, 840 [1997], lv denied 91 NY2d 895 [1998]), he should have been offered the opportunity at sentencing to either withdraw his plea or to accept the enhanced sentence including restitution in addition to

the prison term (*see People v Toms*, 293 AD2d 768, 769 [2002]; *People v Esquivel*, 261 AD2d 649 [1999]; *see also People v Goss*, 286 AD2d 180, 183 [2001]). Also, while defendant did not request a hearing, one should have been held because the plea minutes and record do not contain sufficient evidence to support the finding of the amount ordered (*see* Penal Law § 60.27 [2]; CPL 400.30; *People v Consalvo*, 89 NY2d 140, 144-146 [1996]; *People v Peters*, 299 AD2d 663, 664 [2002]; *cf. People v Kim*, 91 NY2d 407 [1998]; *People v Sheehy*, 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]).\*

Defendant's remaining contentions, including the claims raised in his pro se brief, lack merit. His challenges to the adequacy or completeness of the presentence report with regard to his psychological problems were not preserved, he having neither raised them at sentencing (*see People v Smallwood*, 212 AD2d 449 [1995], *lv denied* 86 NY2d 741 [1995]) nor requested a presentence conference (*see* CPL 400.10). In any event, defendant, through counsel, availed himself of the opportunity to submit a sentencing memorandum and letters, to respond to the People's memorandum, to address County Court at sentencing and to address his psychological or social history. Thus, defendant was allowed to submit evidence considered mitigatory or explanatory and to correct perceived deficiencies in the presentence report (*see* CPL 380.50, 390.40; *People v Perry* 36 NY2d 114, 119-120 [1975]; *see also People v Villafane*, 294 AD2d 117 [2002], *lv denied* 98 NY2d 682 [2002]). Further, we find that the presentence report was not so inadequate as to fail to fully inform the court regarding defendant's personal, family or medical/psychological background (*see* CPL 390.30 [1], [2]; *People v Villafane, supra*; *cf. People v Catapano*, 73 AD2d 975 [1980]).

Finally, in view of the protracted nature and unimaginably harmful consequences of defendant's actions perpetrated against the victim beginning at age 12, the sentence imposed was by no means harsh or excessive and we decline to reduce it in the interest of justice. Contrary to defendant's contentions, consecutive sentences were authorized for each of the three counts (Nos. 5, 6 and 9) to which he pleaded guilty, which involved separate and distinct acts (*see* Penal Law § 70.25 [2]; *People v Salcedo*, 92 NY2d 1019 [1998]; *People v Laureano*, 87 NY2d 640, 643-645 [1996]).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the

---

\* On remittal, County Court may resentence defendant to the agreed-upon sentence without restitution (*see People v Toms*, 2 AD3d 897 [2003]).

sentence imposed; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.