■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BONET, Appellant. [789 NYS2d 334]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered March 4, 2004, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.

In satisfaction of a 13-count indictment, defendant pleaded guilty to the crime of attempted burglary in the first degree and waived his right to appeal. He was thereafter sentenced to 8½ years in prison followed by a four-year period of postrelease supervision. Defendant appeals, contending that his plea was involuntary, he was denied the effective assistance of counsel and his sentence is unduly harsh.

We affirm. While defendant's waiver of the right to appeal does not by itself preclude this Court's review of the voluntariness of his plea, by failing to move either to withdraw his plea or to vacate the judgment of conviction defendant has failed to preserve the issue for our review (*see People v Branch-El*, 12 AD3d 785, 786 [2004]). The narrow exception to the preservation rule is not applicable here insofar as nothing in the record casts significant doubt upon defendant's guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]). Nevertheless, were we to consider the claim, we would find it to be without merit. The transcript of the plea proceedings discloses that

County Court apprised defendant of the rights he was relinquishing by pleading guilty, including the right to appeal. Defendant indicated that he understood the consequences of entering a guilty plea and he signed a written waiver of his right to appeal. In addition, defendant responded affirmatively to the elements of the crime charged. Under these circumstances, we find that both the plea and the waiver were made knowingly, voluntarily and intelligently (*see People v Wehrle*, 308 AD2d 660, 661 [2003]).

To the extent that defendant's challenge to the effectiveness of counsel impacts upon the voluntariness of the guilty plea, it survives his waiver of the right to appeal (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]). However, defendant's failure to move to withdraw his plea or to vacate the judgment of conviction renders it unpreserved for our review (*see People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]). In any event, defendant's claim that defense counsel failed to meet with him on numerous occasions is belied by the record. Defendant indicated during the plea proceedings that he was satisfied with the services of his attorney and our review of the record discloses that defense counsel provided competent advocacy throughout the proceedings, as evidenced by the favorable plea bargain negotiated for defendant (*see People v Scott*, 12 AD3d 716, 717-718 [2004]). Lastly, we decline to review defendant's challenge to the severity of his sentence given his voluntary, intelligent and knowing plea and waiver of the right to appeal (*see People v Travis*, 12 AD3d 784 [2004]; *People v Scott, supra* at 718).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.