■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SCHWICKRATH, Appellant. [803 NYS2d 307]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 22, 2004, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, grand larceny in the fourth degree, burglary in the third degree, petit larceny and endangering the welfare of a child.

In March 2004, defendant, accompanied by his two sons and his nephew, entered and stole property from certain buildings located in Sullivan County. Pursuant to a negotiated plea agree-

ment, defendant waived indictment and pleaded guilty to a superior court information charging him with burglary in the second degree, grand larceny in the fourth degree, burglary in the third degree, petit larceny and endangering the welfare of a child. County Court thereafter sentenced defendant to the agreed upon aggregate prison term of 10 years, followed by five years of postrelease supervision. Additionally, although not part of the plea agreement, County Court ordered defendant to pay restitution in the amount of $4,119.95. Defendant appeals.

Initially, defendant's failure to move to withdraw his plea or vacate the judgment renders his challenge to the waiver of the right to appeal unpreserved for our review (*see People v Kirkland*, 2 AD3d 1063, 1063 [2003]; *People v Powers*, 302 AD2d 685, 685 [2003]). Nonetheless, review of the record reveals that defendant's waiver of the right to appeal was knowing, voluntary and intelligent. Defendant acknowledged on the record that he understood the ramifications of entering a guilty plea, the rights he was relinquishing by doing so and that he was doing so freely and voluntarily. Defendant also acknowledged on the record that he had sufficiently discussed the case with counsel, signed the written waiver of the right to appeal in open court and understood the appellate rights he was waiving (*see People v Bonet*, 15 AD3d 730, 731 [2005], *lv denied* 4 NY3d 851 [2005]; *People v Powers, supra* at 685). Furthermore, the written waiver of the right to appeal reflects that it was signed by defendant, witnessed by his attorney and approved by County Court (*see People v Bonet, supra* at 731). Given defendant's knowing, voluntary and intelligent plea and waiver of the right to appeal, we will not review his challenge to the severity of the sentence imposed, nor his claims regarding the effectiveness of counsel, as they do not bear upon the voluntariness of his plea (*see People v Humes*, 16 AD3d 844, 846 [2005]; *People v Kirkland, supra* at 1063).

Defendant also challenges the imposition of restitution. Where, as here, the payment of restitution was not included in the plea agreement and defendant was not advised of the possibility that restitution would be imposed, defendant must be given the opportunity to withdraw his plea or accept the enhanced sentence (*see People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]; *People v Harrington*, 3 AD3d 737, 738-739 [2004]; *People v Neu*, 1 AD3d 798, 798-799 [2003]). Since County Court did not afford defendant that opportunity, this matter must be remitted to County Court for that purpose (*see People v Branch-El, supra* at 786; *People v Neu, supra* at 798-799). Alternately, on remittal, County Court

may resentence defendant in accordance with the negotiated plea agreement (*see People v Toms*, 2 AD3d 897, 898 [2003]).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.