■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SCHWICKRATH, Appellant. [834 NYS2d 751]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 10, 2005, which resentenced defendant following his conviction of the crimes of burglary in the second degree, grand larceny in the fourth degree, burglary in the third degree, petit larceny and endangering the welfare of a child.

When this case was previously before us, we vacated defendant's sentence on the basis that the imposition of restitution was improper because that issue had not been set forth in the plea agreement (23 AD3d 707 [2005]). In remitting the matter to County Court, we directed that defendant be afforded the opportunity to either withdraw his plea or accept the sentence with the inclusion of restitution (*id.* at 708). Alternatively, we held that County Court could resentence defendant in accordance with the negotiated plea agreement, that is, sans the restitution (*id.* at 708-709). Defendant now appeals, arguing that he was improperly denied the opportunity to address

County Court prior to being resentenced. The People agree with defendant's argument and his request that this matter, once again, be remitted for resentencing.

CPL 380.50 requires the trial court to allow the prosecutor, defense counsel and defendant an opportunity to speak at sentencing or resentencing, but literal compliance with the statute is not required (*see People v Green*, 54 NY2d 878, 880 [1981]; *People v McClain*, 35 NY2d 483, 491 [1974], *cert denied sub nom. Taylor v New York*, 423 US 852 [1975]). While neither defense counsel nor defendant were given the opportunity to speak at the resentencing, County Court did resentence defendant in accordance with the original plea bargain and consistent with our prior decision (23 AD3d 707 [2005], *supra; see People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Toms*, 2 AD3d 897, 898 [2003]). Moreover, County Court's failure to allow defense counsel and defendant an opportunity to address the court was not preserved for appellate review (*see People v Green, supra* at 880; *People v Regan*, 88 AD2d 664 [1982]) and, under the unique facts of this case, we decline to exercise our interest of justice jurisdiction to address this issue (*cf. People v Roman*, 153 AD2d 594, 595 [1989]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.