■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK W. GANTT, Appellant. [908 NYS2d 747]—

Mercure, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered July 1, 2009, which resentenced defendant following his conviction of the crime of burglary in the second degree (two counts).

In satisfaction of a 21-count indictment and pursuant to a negotiated agreement, defendant pleaded guilty to two counts of burglary in the second degree, waived his right to appeal, and was sentenced as a second violent felony offender to concurrent prison terms of 12 years followed by five years of postrelease supervision. Although the plea agreement made no mention of restitution, County Court ordered defendant to pay restitution in the amount of $500. Consequently, when this case was previously before us, we vacated defendant's sentence on the ground that the imposition of restitution was improper because that issue had not been set forth in the plea agreement (*People v Gantt*, 63 AD3d 1379 [2009]).

In remitting the matter to County Court, we directed that defendant be afforded the opportunity to either withdraw his plea or accept the enhanced sentence of restitution (*id.* at 1380). We also indicated that County Court, alternatively, could impose the sentence that was promised in the plea agreement (*id.*). At resentencing, County Court elected the latter option, imposing the agreed-upon sentence without restitution. Defendant now appeals, and we affirm.

County Court's adherence to the original plea agreement is

not inconsistent with our prior decision and, contrary to defendant's claim, it was not required to afford defendant the opportunity to withdraw his plea (*see People v Schwickrath*, 40 AD3d 1218, 1219 [2007]; *People v Toms*, 2 AD3d 897, 898 [2003]). Defendant's remaining arguments should have been raised on the appeal from the original judgment of conviction and may not be raised on an appeal from resentencing (*see generally People v Ryder*, 239 AD2d 364, 365 [1997], *lv denied* 90 NY2d 910 [1997]; *People v Cahill*, 190 AD2d 744, 744-745 [1993], *lv denied* 81 NY2d 883 [1993]; *People v Foster*, 42 AD2d 801, 801 [1973]).

Rose, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.