■ In the Matter of MARK WADE GANTT, Appellant, v DANIEL F. MARTUSCELLO, as Superintendent of Coxsackie Correctional Facility, et al., Respondents. [923 NYS2d 370]—

Rose, J. Appeal from a judgment of the Supreme Court (Lalor, J.), entered September 9, 2010 in Greene County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

In July 2008, petitioner pleaded guilty to two counts of burglary in the second degree in full satisfaction of a 21-count indictment. He was sentenced to concurrent 12-year prison terms, to be followed by five years of postrelease supervision, restitution and applicable surcharges. On appeal, we found that restitution was improperly imposed and remitted the matter for further proceedings (*People v Gantt*, 63 AD3d 1379 [2009]). On remittal, County Court imposed the originally agreed-upon sentence without restitution but with the original surcharges. On appeal, we affirmed (*People v Gantt*, 77 AD3d 988 [2010]). Petitioner thereafter commenced this CPLR article 78 proceeding by order to show cause, challenging the imposition of the surcharges and respondents' collection of them from his inmate account. Supreme Court denied petitioner's application for an order to show cause and dismissed the petition, finding that it failed to state a cause of action.

We affirm. Pursuant to the Penal Law as it was in effect at the time of petitioner's conviction in July 2008, petitioner was subject to a mandatory surcharge of $250, a crime victim assistance fee of $20 and a DNA registration fee of $50 (*see* Penal Law former § 60.35 [1]; L 2004, ch 56, part F, § 2 [eff Feb. 16, 2005]) and these surcharges are properly collected through petitioner's inmate account (*see* Penal Law § 60.35 [5]). Petitioner's argument that the imposition of a DNA registration fee was not proper because he has been charged such a fee in connection with another, unrelated conviction should have been raised in his prior appeal (*see generally People v Ryder*, 239 AD2d 364, 365 [1997], *lv denied* 90 NY2d 910 [1997]; *People ex rel. Hampton v Scully*, 166 AD2d 734, 734 [1990], *lv denied* 77 NY2d 803 [1991]; *People v Landin*, 31 AD2d 944 [1969]). Were we to consider this contention in any event, we would find it unpersuasive (*see* Penal Law § 60.35; *see also People v Wrotten*, 48 AD3d 296 [2008], *lv denied* 10 NY3d 872 [2008]; *People v Higgins*, 137 AD2d 620, 621 [1988], *lv denied* 71 NY2d 897 [1988]).

Mercure, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.