People v Cox (2018 NY Slip Op 08175)





People v Cox


2018 NY Slip Op 08175


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Acosta, P.J., Manzanet-Daniels, Gische, Kapnick, Kahn, JJ.


2944/11 4857 4856- 

[*1] The People of the State of New York, Appellant,
v
Jamal Cox, Defendant-Respondent.


Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.
Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.



Judgment of resentence, Supreme Court, New York County (Richard D. Carruthers, J.), rendered September 8, 2015, resentencing defendant, as a second felony offender, to a term of 10 years, unanimously reversed, on the law, the judgment of resentence vacated, and defendant's original sentence, as a persistent violent felony offender, to a term of 16 years to life, reinstated.
The resentencing court granted defendant's CPL 440.20 motion to set aside his sentence as a persistent violent felony offender, on a ground later rejected by the Court of Appeals (see People v Smith, 28 NY3d 191 [2016]). The resentencing court did not reach the remaining claim raised in the motion, namely whether defendant's 2003 Queens County conviction was unconstitutionally obtained because he was never informed during the plea proceeding of the term of his incarceratory sentence. We held this appeal in abeyance and remitted to the Supreme Court for a determination of that issue. On remittitur, the court (James M. Burke, J.) rejected defendant's argument.
Regardless of whether defendant's current argument is procedurally barred, on the merits, we find that defendant has failed to meet his burden to "prove the facts underlying the claim that the [2003] conviction was unconstitutionally obtained" (see People v Harris, 61 NY2d 9, 15 [1983]). It is undisputed that the court did not announce the promised sentence on the record at the plea proceeding in the 2003 case. However, the record unequivocally establishes that defendant was apprised of the terms of his sentence (see e.g. People v Harrington, 3 AD3d 737, 738 [3d Dept 2004]). Contrary to defendant's contention, the record is not ambiguous. The waiver of the right to appeal form stated that defendant agreed to a sentence of seven years, which was the sentence ultimately imposed. At the plea colloquy, defendant acknowledged that he had signed the document, understood it, and discussed it with counsel. Furthermore, the fact that neither defendant nor his counsel called the court's attention to the fact that it had not announced the promised sentence lends further support to the conclusion that defendant already knew what the promise was.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK