People v Schmidt (2019 NY Slip Op 06026)





People v Schmidt


2019 NY Slip Op 06026


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

110781

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARK SCHMIDT, Appellant.

Calendar Date: June 21, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Rumsey and

 Pritzker, JJ.

Lee C. Kindlon, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered December 6, 2018, convicting defendant upon his plea of guilty of the crimes of attempted rape in the second degree and attempted criminal sexual act in the second degree.
Defendant was indicted and charged with one count of attempted rape in the second degree and one count of attempted criminal sexual act in the second degree. The charges stemmed from an incident wherein defendant responded to a Craigslist advertisement for a "threesome"; during the email exchanges that followed, defendant, then 68 years old, discussed having sexual intercourse and oral sex with a female who he believed to be 14 years old. Although defendant thought that he was making these arrangements with the girl's stepfather, defendant actually was engaged in discussions with an undercover police officer. Defendant subsequently pleaded guilty to the entire indictment with the understanding that there was no commitment as to sentencing. County Court thereafter sentenced defendant upon each conviction to concurrent prison terms of 2½ years followed by 10 years of postrelease supervision. This appeal ensued.
The sole argument raised by defendant upon appeal is that the sentence imposed was harsh and excessive. We disagree. Although defendant was 69 years old at the time of sentencing, had engaged in treatment, had a limited criminal history, expressed remorse for his conduct and received numerous letters of support, he nonetheless actively pursued a sexual encounter with a 14-year-old girl. Under these circumstances, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see generally People v Mallard, 163 AD3d 1350, 1351 [2018], lv denied 32 NY3d 1066 [2018]; People v Blanco, 156 AD3d 945, 946 [2017]). Defendant's claim that County Court erred in failing to afford him an opportunity to make a statement prior to sentencing is unpreserved for our review as defendant failed to raise any objection in this regard at that time (see People v Weis, 171 AD3d 1403, 1404 n [2019]; People v Turner, 112 AD2d 647, 648 [*2][1985], lv denied 66 NY2d 923 [1985]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Mulvey, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.