The People of the State of New York, Respondent,
against
Jacqueline Aurigema, Appellant. 

Raymond Negron, for appellant.
Office of the Brookhaven Town Attorney (Edward A. Flood of counsel), for respondent.

Appeal from an amended judgment of conviction of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), rendered June 20, 2019. The amended judgment, after a hearing, revoked a sentence of a conditional discharge previously imposed by that court, upon a finding that defendant had violated a condition thereof, and resentenced defendant to pay an additional $100 fine upon her previous conviction of violating Town of Brookhaven Code § 85-218.
ORDERED that the amended judgment of conviction is affirmed.
Defendant pleaded guilty to, among other things, violating Brookhaven Town Code § 85.218 in that she did not have a permit for a shed and fence located on her property. On June 21, 2018, the District Court sentenced defendant to a conditional discharge, which required her to, among other things, apply to the Board of Zoning Appeals (BZA) for a shed and fence permit within 30 days, and comply with the BZA decision within 30 days after it was rendered. On February 7, 2019, a declaration of delinquency was filed, wherein it was alleged that defendant had violated the conditions by not applying to the BZA within the requisite 30-day period. 
The evidence at the delinquency hearing established that, prior to submitting an application to the BZA, defendant was first required to apply and be denied a building permit from the Brookhaven Town (Town) Building Department. The hearing testimony further established that, on October 18, 2018, the Town's investigator went to the BZA and determined that there was no application on file for a permit for defendant's property with respect to a proposed shed or fence. Defendant's husband testified that he had a telephone conversation with the chief building inspector of the Town Building Department on March 24, 2019 and was informed that defendant's property did not require a permit for the shed and fence, and thus the Building Department would not accept defendant's building permit application. The People called the chief building inspector as a rebuttal witness, who testified that he had "never made a specific determination on that property" and never told defendant's husband that they did not need to go to the BZA. Defendant thereafter sought to call, as a rebuttal witness, her expediter, whom defendant had hired to submit her building permit application and who had gone to the Town Building Department. Defendant also sought to call, as a rebuttal witness, her former defense attorney, who had allegedly been informed by a Town Building Department employee that defendant did not need a building permit for the shed and fence, and therefore did not need to go to the BZA. The hearing court denied defendant's request to call these rebuttal witnesses. 
The evidence presented at the delinquency hearing further established that the BZA did in fact issue defendant a denial notice dated April 4, 2019. Upon being made aware of the denial notice by defense counsel, the hearing court called defendant to testify. Defense counsel raised no objection and defendant did not invoke her Fifth Amendment right against self-incrimination. Defendant's sole testimony was that she did not recall when she first saw the BZA denial notice. At the conclusion of the delinquency hearing, the District Court (James P. Flanagan, J.) found that defendant had violated a condition of her conditional discharge and resentenced defendant.
On appeal, defendant contends, in effect, that the hearing court committed a "mode of proceeding" error by calling defendant as a witness in violation of her Fifth Amendment right against self-incrimination. Defendant further argues that the hearing court erred in denying defendant's request to call two rebuttal witnesses and that the People failed to meet their burden of proof.
Defendant failed to preserve her Fifth Amendment contention, as defense counsel raised no objection during the hearing and defendant did not invoke her Fifth Amendment right against self-incrimination. While this case involves the novel situation of the hearing court calling defendant as a witness, we find no exception to the preservation rule here. A "mode of proceeding" exception to the preservation rule is a designation "reserved for the most fundamental flaws" (People v Becoats, 17 NY3d 643, 651 [2011]) that " 'go to the essential validity of the process' " (People v Mack, 27 NY3d 534, 541 [2016], quoting People v Kelly, 5 NY3d 116, 119-120 [2005]). Because mode of proceeding errors carry extreme and mandatory consequences—i.e., immunity from the rules governing preservation, waiver, and harmless error—the doctrine has historically been confined to a "tightly circumscribed class" of cases (Kelly, 5 NY3d at 120). Although extremely unusual, we find that the circumstances of this case [*2]do not fall within the "tightly circumscribed class" of cases which provide an exception to the preservation requirement.
In any event, "[t]he Fifth Amendment does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a testimonial communication that is incriminating" (Fisher v United States, 425 US 391, 408 [1976]). Here, defendant's testimony was not incriminating because her sole testimony was that she did not recall when she first saw the April 4, 2019 BZA denial letter. In the instant case, defendant's testimony was "essentially a neutral act" which was not, of itself, incriminating (California v Byers, 402 US 424, 432 [1970]). 
Defendant next contends that the court erred in denying defendant's request to call two rebuttal witnesses. We disagree. While CPL 410.70 (3) confers upon a defendant the right to call witnesses at a delinquency hearing, "that right is not absolute, and nothing in the language of the statute warrants construing it . . . as conferring on defendant a right of compulsory process broader than that accorded by the Federal Constitution" (People v Chipp, 75 NY2d 327, 337 [1990]). Moreover, "[t]o accord every defendant an absolute right to call [every witness] at a [declaration of delinquency] hearing would enable defendants . . . to transform the hearing into a discovery proceeding neither authorized nor contemplated by the Legislature" (Chipp, 75 NY2d at 337).
Here, defendant sought to call her expediter and former defense attorney as rebuttal witnesses. As the People argued at the delinquency hearing, the testimony of these proposed rebuttal witnesses would have been irrelevant to the central question—whether defendant submitted an application to the BZA by July 21, 2018 in accordance with the conditional discharge. Therefore, we find that the hearing court did not improvidently exercise its discretion in denying defendant's request to call these rebuttal witnesses. 
Finally, it is clear from the hearing record that defendant did not comply with the terms of the conditional discharge. Consequently, after finding by a preponderance of the evidence that defendant had violated the conditional discharge, the District Court properly amended the judgment of conviction and resentenced defendant (see People v Lubrano, 41 Misc 3d 135[A], 2013 NY Slip Op 51878[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). 
The remaining contentions raised by defendant either lack merit or are not properly before this court (see People v Boone, 84 AD3d 1108 [2011]; People v Gantt, 77 AD3d 988, 989 [2010]; People v Ryder, 239 AD2d 364 [1997]).
We note that we do not consider factual assertions and evidence contained in the People's brief which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the amended judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 28, 2020