People v Hunter (2023 NY Slip Op 00696)

People v Hunter

2023 NY Slip Op 00696

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

112215 
[*1]The People of the State of New York, Respondent,
v
Stanley Hunter, Appellant.

Calendar Date:January 12, 2023 

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ. 

Richard L. Herzfeld, New York City, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Sullivan County (Frank J. LaBuda, J.), rendered October 17, 2019, which denied defendant's motion to withdraw his plea and resentenced him to a term of incarceration.
In 2010, defendant and two codefendants were charged with various crimes following an attempted robbery during which defendant shot and killed the victim. In satisfaction of a nine-count indictment, defendant pleaded guilty to murder in the second degree in exchange for a promised prison term of 20 years to life. Following an Outley hearing, County Court concluded that defendant violated a condition of the plea agreement and imposed a prison sentence of 25 years to life. Defendant appealed, and this Court affirmed the judgment of conviction, finding, among other things, that defendant failed to preserve an objection to the enhanced sentence and did not move to withdraw his plea (98 AD3d 1189, 1190 [3d Dept 2012], lv denied 20 NY3d 1012 [2013]).
In 2018, this Court granted defendant's motion for a writ of error coram nobis to reinstate defendant's direct appeal from the judgment of conviction for the limited purpose of addressing the issue of whether defendant's trial counsel was ineffective for failing to either object to the enhanced sentence or move to withdraw his plea (173 AD3d 1249, 1249 [3d Dept 2019], lv denied 34 NY3d 933 [2019]). This Court found that the record failed to reflect that County Court provided defendant with valid Parker warnings or an opportunity to withdraw his plea before imposing the enhanced sentence and that trial counsel was ineffective for failing to preserve the propriety of the enhanced sentence by objecting or moving to withdraw the plea (id. at 1252). As such, this Court vacated defendant's sentence and remitted the matter to County Court to either impose the agreed-upon sentence or to provide defendant with the option to withdraw his plea (id.). Upon remittal to County Court, defendant filed, pursuant to CPL 220.60 (3), a motion to withdraw his guilty plea, contending that his plea was not entered into voluntarily, knowingly and intelligently because trial counsel allowed County Court to, prior to the plea agreement, misadvise defendant about his potential sentencing exposure. The People opposed the motion, and, when defendant appeared for resentencing, County Court denied defendant's motion to withdraw his guilty plea and, consistent with the terms of the plea agreement, sentenced defendant to a prison term of 20 years to life. Defendant appeals.
We affirm. In this Court's 2019 decision, we vacated the sentence and remitted the matter to County Court "to either impose the agreed-upon sentence or provide defendant with the option to withdraw his plea" (173 AD3d at 1252). "County Court's adherence to the original plea agreement is not inconsistent with our prior decision[,] and, contrary to defendant's claim, it was not required to afford defendant the opportunity to withdraw his plea" (People v Gantt[*2], 77 AD3d 988, 989 [3d Dept 2010]; see People v Schwickrath, 40 AD3d 1218, 1219 [3d Dept 2007]; People v Toms, 2 AD3d 897, 898 [3d Dept 2003]; see generally CPL 470.45; People v McConnell, 49 NY2d 340, 348-349 [1980]). Defendant's remaining arguments involving his claim that he was denied the effective assistance of counsel are not properly before us, as such matters should have been raised on the appeal from the original judgment of conviction and may not be raised on an appeal from resentencing (see People v Gantt, 77 AD3d at 989; People v Ryder, 239 AD2d 364, 365 [2d Dept 1997], lv denied 90 NY2d 910 [1997]; People v Cahill, 190 AD2d 744, 744-745 [2d Dept 1993], lv denied 81 NY2d 883 [1993]; cf. People v Foster, 42 AD2d 801, 801 [3d Dept 1973]).
Garry, P.J., Egan Jr., Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.