People v Micheaux (2024 NY Slip Op 05497)

People v Micheaux

2024 NY Slip Op 05497

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Ind No. 3350/13 Appeal No. 2987-2987A Case No. 2023-04055 

[*1]The People of the State of New York, Respondent,
v
Larick Micheaux, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment of resentence, Supreme Court, New York County (Arlene Goldberg, J.), rendered June 20, 2018, resentencing defendant to an aggregate term of 12 years, to be followed by five years of postrelease supervision, unanimously affirmed. Order, same court (Kate Paek, J.), entered on or about June 5, 2023, denying defendant's motion pursuant to CPL 440.10 to vacate his conviction, unanimously affirmed.
Defendant's claims that his plea was involuntary and that his resentencing counsel was ineffective are procedurally barred, because he failed to raise the plea involuntariness claim before the resentencing court and failed to raise the ineffectiveness claim in his second CPL 440.10 motion, filed after resentencing (CPL 440.10[3][c]; see People v Dominguez, 257 AD2d 511, 512 [1st Dept 1999], lv denied 93 NY2d 872 [1999]). Moreover, the plea involuntariness claim is unpreserved (see People v Conceicao, 26 NY3d 375, 381-382 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
In any event, considering "all of the relevant circumstances surrounding [the] plea," we find that the court did not abuse its discretion in denying the CPL 440.10 motion (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks omitted]; see People v Samuel, 143 AD3d 401, 402 [1st Dept 2016]). Defendant's claim that he asked resentencing counsel to withdraw his plea was made solely by defendant and "is unsupported by any other affidavit or evidence" (CPL 440.30[4][d][i]). Thus, under "all the other circumstances attending the case, there is no reasonable possibility" that defendant's "allegation is true" (CPL 440.30[4][d][ii]). Moreover, the record does not show that defendant's plea was motivated by the misinformation he received about the minimum sentence (cf. People v Joseph, 191 AD3d 148, 150 [1st Dept 2020], lv denied 36 NY3d 1121 [2021]).
Because defendant ultimately received a sentence lower than the promised sentence, he had no basis to withdraw his plea (see People v Breckner, 215 AD2d 229 [1st Dept 1995], lv denied 86 NY2d 791 [1995]). Thus, defendant's claim that resentencing counsel was ineffective for failing to advise him that he could withdraw his plea is unavailing, because counsel could not "be ineffective for failing to advance an
argument that has little or no chance of success" (People v Williams, 35 NY3d 24, 45 [2020]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024