■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. PHILLIPS, Appellant. [669 NYS2d 384] —Mikoll, J. P. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered December 9, 1996, convicting defendant upon his plea of guilty of the crime of criminal mischief in the second degree.

Defendant pleaded guilty to the crime of criminal mischief in the second degree in satisfaction of a superior court information and all other charges in connection with an incident wherein defendant damaged several vehicles belonging to the victims. At sentencing, the People sought restitution for the damage done to the vehicles as well as various tools which had been damaged or stolen. Following a restitution hearing, County Court indicated its finding with respect to the amount of restitution to be paid by defendant, including $16,740.89 for damaged tools (less $9,600 to be reimbursed to the victim's in-

surance company) which tools would be transferred to defendant upon payment. Subsequently, the court recessed in order to give the parties an opportunity to arrange for the method of payment and transfer of the tools, or, in the alternative, to reach a compromise in regard to the restitution to be paid.

Upon reconvening, the parties informed County Court that they had reached an agreement in regard to restitution which was different from that previously ordered by the court. Thereafter, defendant was sentenced and ordered to pay restitution in accordance with the parties' agreement. Defendant appeals, contending that County Court failed to make a finding as to the amount of loss of tools caused by the offense and improperly directed that defendant purchase the damaged tools.

Defendant expressly agreed, without objection, to the manner and amount of restitution to be paid for the tools, which agreement differed from the restitution ordered by County Court. Under these circumstances, we find his contention that the amount of restitution was improper to be unpersuasive (*see, People v Ormsby*, 242 AD2d 840; *People v Hendrickson*, 227 AD2d 801, 802; *People v Masten*, 215 AD2d 892, 893, *lv denied* 86 NY2d 782). Given our conclusion, we need not address defendant's remaining contentions.

Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.