■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUNSMORE, Appellant. [713 NYS2d 784] —Mugglin, J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 3, 1998, convicting defendant upon his plea of guilty of the crimes of burglary in

the second degree, attempted burglary in the second degree and petit larceny, and (2) by permission, from an order of said court, entered November 9, 1999, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, without a hearing.

Defendant waived indictment and pleaded guilty to burglary in the second degree, attempted burglary in the second degree and petit larceny in satisfaction of a superior court information and several outstanding felony complaints. Pursuant to the plea agreement, defendant waived his right to appeal and agreed to specified restitution as well as concurrent determinate prison sentences of five years on the burglary charge, three years on the attempted burglary charge and one year on the petit larceny charge.

When defendant was arrested and charged with two additional felonies prior to the sentencing hearing, however, the matter was adjourned at defense counsel's request in order to permit the parties to renegotiate a plea agreement to include the additional felonies. Defendant ultimately agreed to amend the plea agreement to increase the agreed-upon prison sentence for the burglary in the second degree charge to 7½ years, following which he reaffirmed his waiver of the right to appeal and agreed to pay restitution totaling $1,750. County Court sentenced defendant as a second felony offender to the agreed-upon prison term and ordered restitution. Thereafter, defendant moved pursuant to CPL 440.20 to set aside the sentence as illegal or, alternatively, pursuant to CPL 440.10 to vacate the judgment of conviction. County Court denied the motion, prompting this appeal from the judgment of conviction and, by permission, from the order denying defendant's postjudgment motion.

Defendant contends that his guilty plea was involuntary and that the sentence imposed was illegal because County Court failed to advise him that his sentence could be enhanced if he was charged with additional crimes prior to sentencing and failed to permit him an opportunity to withdraw his guilty plea prior to imposing the enhanced sentence. Although defendant's waiver of his right to appeal would foreclose any challenge to the sentence imposed as harsh and excessive (*see, People v Hines*, 263 AD2d 682, *lv denied* 93 NY2d 1019; *People v Dopp*, 261 AD2d 715, 716), the waiver does not preclude appellate review of the voluntary nature of his consent to the amended plea agreement (*see, People v Doty*, 267 AD2d 616; *People v Ramires*, 264 AD2d 948, *lv denied* 94 NY2d 906) or to the legal-

ity of his sentence (*see*, *People v Johns*, 267 AD2d 718, *lv denied* 94 NY2d 949). Nevertheless, upon reviewing defendant's arguments we conclude that they are lacking in merit. Contrary to defendant's contention, the sentence he ultimately received was not an "enhanced sentence" imposed as the result of his violation of a condition of his plea agreement. Rather, the record reveals that the revised sentence was knowingly and voluntarily agreed to as a part of an amended plea agreement which was negotiated at defendant's request to encompass the additional felonies so that future prosecution for those crimes could be avoided. Accordingly, we perceive no error in County Court's acceptance of the amended plea agreement and imposition of the revised sentence (*see*, *People v Rivera*, 266 AD2d 576; *People v Fernandez*, 263 AD2d 673, 674, *lv denied* 94 NY2d 822).

Finally, based upon our review of the record, we conclude that County Court did not err in directing defendant to pay the agreed-upon restitution (*see*, *People v Esquivel*, 261 AD2d 649; *People v Phillips*, 247 AD2d 655, 656) or in denying defendant's postjudgment motion without a hearing since all issues raised could be decided from the record and defendant's submissions (*see*, *People v Myers*, 241 AD2d 705, 707, *lv denied* 91 NY2d 877; *People v Smith*, 227 AD2d 655, 656, *lv denied* 88 NY2d 994).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.