■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATULKUMAR PATEL, Appellant. [881 NYS2d 793]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered October 9, 2008. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration and probation with electronic monitoring.

It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice by vacating that part revoking the sentence of probation and imposing sentence and by continuing the sentence of probation originally imposed and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192

[3]; § 1193 [1] [c] [former (i)]) and aggravated unlicensed operation of a motor vehicle in the third degree (§ 511 [1] [a]) and sentencing him to a definite term of incarceration of 120 days and continued probation with electronic monitoring. Defendant admitted that he violated one of the terms of his probation by traveling to India without the consent of the Probation Department, to be with his dying grandfather. Although we conclude that County Court did not abuse its discretion in revoking defendant's probation based upon that admitted violation, "we can substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (*People v Suitte*, 90 AD2d 80, 86 [1982]; *see People v Dunn*, 306 AD2d 945 [2003]). In view of the compelling mitigating factors in this case, we modify the judgment as a matter of discretion in the interest of justice by vacating that part revoking the sentence of probation and imposing sentence and by continuing the sentence of probation originally imposed.

All concur except Scudder, P.J., and Smith, J., who dissent in part and vote to affirm in accordance with the following memorandum.

Scudder, P.J., and Smith, J. (dissenting in part). We respectfully dissent in part and would affirm the judgment because we cannot agree with the majority that the sentence imposed by County Court is so unduly harsh and severe as to warrant our interference with the court's sentencing discretion. The record establishes that, in September 2006, defendant was sentenced to four months of intermittent incarceration and to five years of probation based upon his conviction of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]). Approximately 15 months later, in December 2007, defendant sought permission to travel to India to be with his dying grandfather, and his request was denied by the Department of Probation. Defendant went to India despite the denial of his request, and he did not return to the United States until March 5, 2008, approximately two months after his grandfather died. While in India, defendant contacted his probation officer only once.

Although we have broad, plenary power to substitute our own discretion for that of the sentencing court in the interest of justice (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Hearn*, 248 AD2d 889, 890 [1998]), that power should be exercised only in extraordinary circumstances (*see generally People v Massey*, 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]). The facts of this case, which include the intentional defiance of the Probation Department's directive and the

continued truancy of defendant for approximately two months after the death of his grandfather, do not present such extraordinary circumstances. We note that the court carefully considered and was sympathetic with respect to defendant's reason for traveling to India, and we further note that the court imposed a sentence of incarceration in large part because of the failure of defendant to return to the United States during the period of approximately two months following the death of his grandfather. In addition, we note that the court could have imposed a significantly longer term of incarceration than that imposed, and that the court credited defendant for time served such that defendant's actual incarceration was increased only by an additional 69 days, according to the presentence report. By continuing the sentence of probation originally imposed, the majority has in effect permitted defendant to violate the conditions of his probation without consequence. We therefore would affirm the judgment and remit the matter to County Court for proceedings pursuant to CPL 460.50 (5). Present—Scudder, P.J., Smith, Centra, Peradotto and Green, JJ.