■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATSY A. RAPONE, JR., Appellant. [896 NYS2d 784]—

Appeal from a judgment of the Genesee County Court (Eric R. Adams, J.), rendered September 15, 2008. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating that part revoking the sentence of probation and imposing sentence and by continuing the sentence of probation originally imposed and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment revoking the probation component of his split sentence, which also included a period of six months in jail, imposed upon his convic-

tion of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). County Court instead sentenced defendant to a determinate term of imprisonment of 2½ years plus a two-year period of postrelease supervision. We agree with defendant that the sentence is unduly harsh and severe.

The original sentence imposed by the court required that he complete 1,000 hours of community service within two years of his release from jail. In November 2006, the community service program advised the court that it had no available placement for defendant based on his physical and mental limitations, and the court took no action at that time. In February 2008, however, a violation of probation petition was filed, alleging that defendant tested positive for cocaine and possessed a driver's license in violation of the terms and conditions of his probation. The petition did not mention defendant's failure to complete the required community service. Defendant admitted his commission of the two violations set forth in the petition, in exchange for a sentencing promise of imprisonment of 1 to 3 years, and the court ordered an updated presentence report. When defendant again appeared in court on June 8, 2008, the court granted his request for an adjournment of sentencing to enable him to begin to comply with the community service component of the sentence. The court indicated that, if defendant established that he was working toward the community service requirement, the violation of probation petition would be "closed" without any sentence of imprisonment.

At the adjourned sentencing date, defense counsel advised the court that the community service administrator had by then received medical authorization permitting defendant to work, and that there was a community service placement available for defendant. The individual responsible for implementing that placement, however, was out of the office for a week, and defendant therefore requested a second adjournment to enable him to establish that he was complying with the community service requirement. The court denied that request, revoked the sentence of probation, and imposed the aforementioned determinate term of imprisonment and period of postrelease supervision on the ground that defendant failed to comply with the community service requirement.

Although we conclude that the court did not abuse its discretion in revoking the sentence of probation based upon defendant's admitted violations thereof, "we can [nevertheless] substitute our own discretion for that of a trial court [that] has not abused its discretion in the imposition of a sentence" (*People*

*v Suitte*, 90 AD2d 80, 86 [1982]; *see People v Edwards*, 37 AD3d 289, 290 [2007], *lv denied* 9 NY3d 843 [2007]). Here, after defendant tested positive for cocaine, he successfully completed a substance abuse treatment program and all subsequent drug tests were negative. Defendant also attempted to implement the community service requirement, including providing the requisite medical documentation to the community service administrator, and it is undisputed on the record before us that the delay in the implementation of defendant's community service placement was not attributable to defendant.

In view of the compelling mitigating factors in this case, we modify the judgment as a matter of discretion in the interest of justice by vacating that part revoking the sentence of probation and imposing sentence and by continuing the sentence of probation originally imposed. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.