■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MOORE, Appellant. [50 NYS3d 309]—

Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered May 22, 2014, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging him with attempted criminal possession of a controlled substance in the third degree. The agreement included a waiver of appeal and provided that defendant would be sentenced to a prison term not to exceed four years to be followed by three years of postrelease supervision. He was released under supervision pending sentencing and, while released, allegedly violated the condition of his release that he refrain from committing additional crimes or illegal activity by being arrested on drug sale charges. Following several adjournments, the parties reached a renegotiated agreement providing for defendant to receive a prison sentence of seven years followed by three years of postrelease supervision, in full satisfaction of the original plea as well as the new charges. County Court imposed the agreed-upon sentence, and defendant now appeals.

Defendant argues that County Court erred in imposing what he characterizes as an "enhanced" sentence because he was not warned on the record at the time of his guilty plea of the consequences of being arrested or committing additional crimes while released pending sentencing, and he was not offered an opportunity to withdraw his guilty plea. While this issue is not precluded by defendant's earlier appeal waiver, it was not preserved for our review due to his failure to object on this ground at sentencing or move to withdraw his guilty plea on this basis (see People v Nesbitt, 144 AD3d 1329, 1329 [2016]). In any event, the record reflects that the parties renegotiated the terms of the plea agreement to provide that the plea would satisfy all of the new charges in exchange for a higher prison sentence of seven years with three years of postrelease supervi-

sion. As the higher sentence was not an "enhancement," but rather the product of a renegotiated agreement to which all parties consented, the court was obligated neither to impose the original agreed-upon sentence nor offer defendant an opportunity to withdraw his plea (*see People v Dunsmore*, 275 AD2d 861, 862-863 [2000], *lv denied* 95 NY2d 934 [2000]). Defendant's remaining claims also lack merit.

Peters, P.J., McCarthy, Devine, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.