People v Cannon (2018 NY Slip Op 00716)





People v Cannon


2018 NY Slip Op 00716


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND WINSLOW, JJ.


1209 KA 14-01697

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONDRE CANNON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 5, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of incarceration of 20 years and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant contends that Supreme Court erred in imposing what defendant characterizes as an "enhanced" sentence based on his post-plea conduct. The record, however, reflects that the parties agreed to amend the plea agreement to include the imposition of a greater term of incarceration after the court presented defendant with the option of a higher sentence on the manslaughter charge or trial on the murder charge. Thus, "the higher sentence was not an enhancement,' but rather [was] the product of a renegotiated agreement to which all parties consented" (People v Moore, 149 AD3d 1349, 1350 [3d Dept 2017], lv denied 29 NY3d 1131 [2017]; see People v Dunsmore, 275 AD2d 861, 863 [3d Dept 2000], lv denied 95 NY2d 934 [2000]).
Defendant waived his right to appeal as a condition of the original plea agreement, but he did not subsequently reaffirm his waiver of his right to appeal with respect to the amended plea agreement (cf. Dunsmore, 275 AD2d at 862). Thus, defendant's waiver of the right to appeal made upon the original plea agreement is invalid with respect to any contentions arising out of the amended plea agreement (see People v Johnson, 14 NY3d 483, 487 [2010]), and this Court is therefore not precluded from reviewing the substance of defendant's claims.
Defendant contends that the court was collaterally estopped from determining that defendant breached the original plea agreement by refusing to testify at his codefendant's trial inasmuch as the court had previously determined that the codefendant's conduct had prevented defendant from providing such testimony, and that the court therefore improperly imposed a longer sentence based on defendant's refusal to testify. "Collateral estoppel applies in a criminal case to prevent one party from relitigat[ing] issues which have already been decided against' that party" (People v Fisher, 28 NY3d 717, 724-725 [2017]). Defendant's original plea agreement required that he provide accurate testimony at his codefendant's trial but, at the codefendant's trial, defendant refused to testify about the details of the victim's death. The People argued that defendant had been coerced into refusing to testify and, after conducting a Sirois hearing, the court determined that defendant was unavailable to testify because of the codefendant's conduct and that defendant's prior statements would thus be admissible at the codefendant's trial. Contrary to defendant's contention, after the Sirois hearing, the court did not determine that defendant could not perform his end of the plea bargain because of impossibility, and we [*2]therefore conclude that defendant has not met his burden of establishing that collateral estoppel was applicable inasmuch as defendant failed to establish that the issue decided in the Sirois hearing and the issue whether he breached the plea agreement were identical (see generally City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 42 [2d Dept 2009]).
We agree with defendant, however, that the sentence of a determinate term of 23 years with 2½ years of postrelease supervision is unduly harsh and severe under the circumstances of this case. This Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and may exercise this power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]; People v Rapone, 71 AD3d 1563, 1564-1565 [4th Dept 2010]). We conclude that a reduction of the sentence imposed is appropriate under the circumstances here and, as a matter of discretion in the interest of justice, we therefore modify the judgment by reducing the sentence imposed to a determinate term of incarceration of 20 years, to be followed by the 2½ years of postrelease supervision that was imposed by the court.
We have reviewed defendant's remaining contentions and conclude that they are without merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court