People v Gonzalez (2018 NY Slip Op 01505)





People v Gonzalez


2018 NY Slip Op 01505


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107773

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LESLIE GONZALEZ, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Daniel Young, Law Intern), for respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered May 20, 2015, convicting defendant upon her plea of guilty of the crime of robbery in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with robbery in the third degree. She pleaded guilty to that crime in satisfaction of several other charges related to the robbery incident, as well as other charges related to a separate incident. Under the terms of the plea agreement, she was to be sentenced to 1&frac13; to 4 years in prison. Prior to sentencing, however, defendant was arrested and charged with assault in the second degree. As a result of a new agreement to satisfy that assault charge, as well as all
prior charges in exchange for a higher sentence on the robbery conviction, County Court sentenced defendant to a prison term of 2 to 6 years on the robbery conviction and adhered to the other terms of the plea agreement. Defendant appeals.
Defendant contends that County Court committed reversible error by imposing an enhanced sentence without having administered an Outley warning at the time that she entered her guilty plea and by not giving her the opportunity to withdraw her guilty plea. This claim has not been preserved for our review due to defendant's failure to object at sentencing or move to withdraw her guilty plea (see People v Moore, 149 AD3d 1349, 1349 [2017], lv denied 29 NY3d 1131 [2017]; People v Garrow, 147 AD3d 1160, 1161-1162 [2017]; People v Bennett, 143 AD3d [*2]1008, 1009 [2016]). Defendant also argues that counsel was ineffective by failing to object to the enhanced sentence. This claim is similarly unpreserved for our review (see People v Smith, 121 AD3d 1131, 1132 [2014], lv denied 24 NY3d 1123 [2015]). In any event, this claim fails because defendant has not established that counsel lacked a strategic reason for this omission (see People v Saylor, 132 AD3d 1018, 1018-1019 [2015]; People v Whitted, 12 AD3d 840, 841 [2004], lv denied 4 NY3d 769 [2005]), inasmuch as defendant was spared the possibility of an additional felony conviction for assault in the second degree and the higher sentence she received on the robbery conviction still resulted in a lower cumulative sentence than if defendant had been separately convicted of and sentenced on the assault charge as well.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.