People v Clause (2018 NY Slip Op 08815)





People v Clause


2018 NY Slip Op 08815


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1259 KA 18-00021

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAYLOR J. CLAUSE, DEFENDANT-APPELLANT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ERIN E. MCCAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered December 15, 2017. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating that part revoking the sentence of probation and imposing sentence and by continuing the sentence of probation originally imposed with additional conditions as set forth in the memorandum and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon her conviction, following her plea of guilty, of vehicular manslaughter in the first degree (Penal Law
§ 125.13 [1]) and driving while intoxicated as a misdemeanor (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [b] [i]), and sentencing her to an indeterminate term of 1 to 3 years of incarceration. We reject defendant's contention that Supreme Court failed to exercise its discretion in revoking the sentence of probation based upon defendant's admission that she violated a term of her probation. Although the court made several ill-advised statements improperly suggesting that it was bound to revoke defendant's probation and impose a sentence of incarceration based on the terms of the negotiated plea and the court's comments at the original sentencing proceeding (cf. People v Farrar, 52 NY2d 302, 305 [1981]; People v Dupont, 164 AD3d 1649, 1650 [4th Dept 2018]), we conclude upon our review of the entire sentencing transcript that the court understood that it had the authority to continue or modify the sentence of probation (see CPL 410.70 [5]) and exercised its discretion in imposing a sentence of incarceration after considering the severity of the underlying crimes, the favorable plea, defendant's admission that she violated a term of probation by failing to report to her probation officer on four occasions following the death of her grandfather, the updated presentence report, and defendant's awareness that she faced the possibility of incarceration for violating a term of probation (see People v Brudecki, 32 AD3d 1255, 1255 [4th Dept 2006], lv denied 7 NY3d 924 [2006], reconsideration denied 8 NY3d 920 [2007]; see generally Farrar, 52 NY2d at 305).
We agree with defendant, however, that the sentence is unduly harsh and severe. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime[s] charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (Farrar, 52 NY2d at 305). Although we conclude that the court did not abuse its discretion in revoking defendant's probation and sentencing her to an indeterminate term of incarceration, "we can [nevertheless] substitute our own discretion for that of a trial court [that] has not abused its discretion in the imposition of a sentence" (People v Suitte, 90 AD2d 80, 86 [2d Dept 1982]; see People v Rapone, 71 AD3d 1563, 1564 [4th Dept [*2]2010]; People v Patel, 64 AD3d 1246, 1247 [4th Dept 2009]).
Here, defendant, who was 18 years old and had no criminal history at the time of the underlying crimes, completed substance abuse counseling and was fully compliant with the reporting requirement during the nearly 2½ years between her release to probation from an initial period of incarceration and the death of her grandfather (see Rapone, 71 AD3d at 1565; Patel, 64 AD3d at 1247; cf. People v Handley, 134 AD3d 1509, 1510 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]). A clinical psychologist who treated defendant in the years following the underlying crimes and during the probation period noted that, despite the effects that her grandfather's death had on defendant, she did not revert to previous unhealthy coping mechanisms, i.e., using alcohol and drugs, and she thereafter re-engaged in her treatment program. The psychologist also opined that incarceration would impede defendant's progress and create a setback in her recovery, and that continuation of probation and her treatment program would best facilitate defendant's commitment to a sober, productive lifestyle. Significantly, in consideration of all the circumstances, including a single "low positive reading" for marihuana approximately one year prior to her grandfather's death that did not result in a violation petition against defendant, the probation officer recommended against incarceration given that defendant was otherwise compliant with the terms of probation until her failure to report on four occasions. Further, the record establishes that defendant was employed on a full-time basis, intended to re-enroll in college classes, and committed no crimes after the underlying conviction. Based on the foregoing, we conclude that the imposition of an indeterminate term of incarceration is not warranted under the circumstances of this case, and we therefore modify the judgment as a matter of discretion in the interest of justice by vacating that part revoking the sentence of probation and imposing sentence.
With respect to the appropriate sentence, we agree with defendant that, as recommended by the probation officer and sought by defendant on appeal, the sentence of probation originally imposed should be continued with the additional conditions that defendant perform 100 hours of community service at a public or not-for-profit agency approved by the probation department (see Penal Law § 65.10 [2] [h]) and submit to the use and pay the costs of an electronic monitoring device for a period of 12 months (see § 65.10 [4]; People v Hakes, — NY3d &mdash, &mdash, 2018 NY Slip Op 08538, *1-4 [2018]). We therefore further modify the judgment accordingly.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court